# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ADRIAN RENARD RICE,

    Petitioner,

v.

JOHN V. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:17-cv-37

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Adrian Rice ("Rice"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss, (doc. 8), to which Rice filed a Response, (doc. 10). For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS** Rice's Section 2241 Petition, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I also **RECOMMEND** the Court **DENY** Rice *in forma pauperis* status on appeal.

## **BACKGROUND**

Following a jury trial in the United States District Court for the Southern District of Alabama, Rice was convicted of two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841, and conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846. (Doc. 8-1.) The Southern District of Alabama originally sentenced Rice to 492 months' incarceration. (Id. at p. 13.) That court subsequently reduced

Rice's sentence to 364 months' incarceration due to retroactive changes to the United States Sentencing Guidelines. (Id. at p. 23.)

Rice has filed numerous post-conviction motions in the Southern District of Alabama. (Id. at pp. 16–24.) On March 27, 1998, Rice filed a motion pursuant to 28 U.S.C. § 2255 attacking his conviction and sentence. (Id. at p. 16.) After Rice supplemented his Section 2255 pleading, the district court denied his motion. (Id. at pp. 17–18.)

Recently, Rice twice sought permission, under 28 U.S.C. § 2255(h)(2), from the Eleventh Circuit Court of Appeals to file a second or successive Section 2255 motion. In the first of these applications, Rice attacked the sentencing court's application of United States Sentencing Guidelines' § 4B1.2's career offender enhancement to his sentence. Appl., In re: Rice, Case No. 16-12267 (11th Cir. May 9, 2016). Rice cited the United States Supreme Court's decision in Johnson v. United States, ___ U.S.___, 135 S. Ct 2551 (June 26, 2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. Id. Rice argued that Johnson's invalidation of the ACCA's residual clause should be applied to invalidate similar language in Section 4B1.2 of the Sentencing Guidelines. Id. Thus, Rice maintained, under Johnson, his prior convictions could not be considered crimes of violence under the Sentencing Guidelines' career offender provision. The Eleventh Circuit denied Rice's application. Order, In re: Rice, Case No. 16-12267 (11th Cir. June 8, 2016). The court held that, even assuming Johnson applies to a career offender designation made under a mandatory Sentencing Guidelines scheme, Rice would remain a career offender without application of the residual clause of Section 4B1.2. Id. at pp. 4–5. Specifically, Rice has two previous New York felony convictions, one for robbery in the first degree and one

2

for attempted robbery in the first degree, which both qualify as a violent felony under the elements clause of the career offender provision. Id.

In his second application to file a second or successive Section 2255 motion, Rice claimed that his sentence violated due process because, in light of Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243 (June 23, 2016), he does not qualify for an enhancement as a career offender under United States Sentencing Guidelines §§ 4B1.1 and 4B1.2. Appl., In re: Rice, Case No. 16-16668 (11th Cir. Oct. 24, 2016). In Mathis, the Supreme Court resolved a dispute of statutory construction of the ACCA. The Court held that the fact that a statute contains multiple alternative means of committing the crime does not make the statute divisible if these means are not alternative elements but rather only factual determinations about an element, and thus, unnecessary to the jury's determination of guilt for the crime. Mathis, ___ U.S. at ___, 136 S. Ct. at 2251–54. The Eleventh Circuit rejected Rice's reliance on Mathis, because the decision did not announce a new rule of constitutional law made retroactively applicable to cases on collateral review by the Supreme Court, as required by 28 U.S.C. § 2255(h)(2). Order, In re: Rice, 16-16668, pp. 2–3 (11th Cir. Nov. 16, 2016). The Eleventh Circuit also rejected Rice's reliance on United States v. Jones, 830 F.3d 142 (2d Cir. 2016), because the Second Circuit Court of Appeals had vacated its decision in Jones, and the decision was not rendered by the Supreme Court, as required for an announcement of a new rule of constitutional law. Id. at p. 3.

Having been repeatedly rejected by the Southern District of Alabama and the Eleventh Circuit, Rice has now turned to this Court. In the instant Section 2241 Petition, he once again attacks the Southern District of Alabama's sentence. He contends that the sentencing court improperly utilized his prior convictions for first degree robbery and attempted robbery to classify him as a career offender. (Doc. 1.) Rice again relies upon the Supreme Court's decision

in Johnson and the Second Circuit's now vacated decision in Jones. (Id. at p. 2.) Respondent moves to dismiss Rice's Petition, contending that he does not satisfy the requirements of the 28 U.S.C. § 2255(e) "saving clause" in light of the Eleventh Circuit's decision in McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017). (Doc. 8.) Rice filed a Response to the Motion to Dismiss. (Doc. 10.)

## DISCUSSION

### I. Whether Rice can Proceed Pursuant to Section 2241

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective". Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing that the remedy under Section 2255 was inadequate or ineffective to test the legality of his detention). A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence. Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper. . . . A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he

raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

Section 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan, 851 F.3d at 1081.

After McCarthan, to determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a Section 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under Section 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under Section 2241. To be sure, "[t]he remedy [afforded] by [a Section 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner could obtain relief under Section 2255 is not relevant to the McCarthan test. Thus, the "remedy" that must be

5

"inadequate or ineffective" to trigger the saving clause is "the available process—not substantive relief." Id. at 1086.

"Allowing a prisoner with a claim that is cognizable in a motion to vacate to access the saving clause nullifies the procedural hurdles of section 2255[.]" Id. at 1090. For example, "[t]he mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Id. at 1091 ("A federal prisoner has one year to move to vacate his sentence under section 2255. But when a prisoner uses the saving clause to bring a claim that is cognizable in a motion to vacate, he bypasses his statute of limitations and gains limitless time to press claims that prisoners who meet the requirements of section 2255 do not receive."); Body v. Taylor, No. 1:15-CV-00311-AKK, 2015 WL 1910328, at *6 (N.D. Ala. Apr. 27, 2015), *appeal dismissed*, (Oct. 28, 2015) (quoting Wofford, 177 F.3d at 1245 (Cox, J., concurring specially) ("I also agree that the remedy by motion under § 2255 is not rendered 'inadequate or ineffective' because an individual is procedurally barred from filing a second or successive § 2255 motion."); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (bars on successive motions and statute of limitations do not render § 2255 motion inadequate or ineffective); and Charles v. Chandler, 180 F.3d 753, 756–58 (6th Cir. 1999) (statute of limitations bar does not make Section 2255 inadequate or ineffective)).

The Eleventh Circuit emphasized that the saving clause has meaning because not all claims can be remedied by Section 2255. "A prisoner sentenced by a federal court, for example, may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations." McCarthan, 851 F.3d at 1092–93 (citing Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985)). "The saving clause also

allows a prisoner to bring a petition for a writ of habeas corpus when the sentencing court is unavailable. Other circuits have held that a prisoner may file a petition for a writ of habeas corpus if his sentencing court has been dissolved." Id. at 1093 (quoting Prost v. Anderson, 636 F.3d578, 588 (10th Cir. 2011) (explaining that, for military prisoners, "the resort to § 2241 is the norm rather than the exception . . . due to the evanescent nature of court martial proceedings: the sentencing court literally dissolves after sentencing and is no longer available to test a prisoner's collateral attack")). Additionally, "perhaps practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate." Id. (citing Cohen v. United States, 593 F.2d 766, 771 & n.12 (6th Cir. 1979)). However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" Id. (quoting Samak, 766 F.3d at 1278 (W. Pryor, J., concurring) (quoting 28 U.S.C. § 2255(e)). It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the Section 2255 court got it wrong. Id. at 1086, 1090. "If the saving clause guaranteed multiple opportunities to test a conviction or sentence, then the bar against second and successive motions under section 2255(h) would become a nullity." Id. at 1090.

This case does not present the "limited circumstances" warranting application of the saving clause. Rice's claims—that his New York convictions do not qualify as a violent felony for sentencing purposes and that his sentence violates due process—are the types of claims and requested relief that Section 2255 encompasses. Thus, he would have been permitted to bring those claims in a motion to vacate, and Section 2255 provides Rice with an adequate procedure to test his claim. Indeed, Rice has repeatedly asserted the same arguments he brings in this case in Section 2255 proceedings before the Southern District of Alabama and the Eleventh Circuit.

Rice's argument that those courts have rejected his claims does not change the fact that his claims are the very type of claims that are cognizable under Section 2255.[1]

It appears that, though Rice labels his filing a Section 2241 Petition, he is actually attempting to bring a second or successive Section 2255 motion. Pursuant to Section 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). However, Rice must first obtain permission from the Eleventh Circuit before filing a second Section 2255 motion. Nevertheless, Rice has available to him an actual remedy under Section 2255: the right to request permission to file a second or successive Section 2255 motion under Section 2255(h). The fact that the Eleventh Circuit has denied Rice's applications to file a second or successive Section 2255 motion does not render the remedy provided under that statute "unavailable" to him. See Harris v. Warden, 801 F.3d 1321, 1323 (11th Cir. 2015) ("Regardless of whether the [Circuit from which permission is sought] will actually certify a successive motion based upon the above facts and legal theories, § 2255 is adequate to test the legality of [the petitioner's] sentence. Accordingly, § 2255(e)'s saving[ ] clause does not apply."). As such, Rice cannot rely upon Section 2255(e) to proceed with his Section 2241 Petition.

Further, Rice's Section 2255 remedy is not nullified merely because he cannot overcome procedural requirements for relief. See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might

---

[1] Rice's Response to the Motion to Dismiss is largely non-responsive to Respondent's Motion and ignores the holding in McCarthan. (Doc. 10.)

8

prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy."). Thus, the fact that Rice previously brought a Section 2255 motion and faces the successiveness bar in Section 2255(h) does not itself render a Section 2255 motion inadequate or ineffective. Id.; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011). Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

Section 2255 provides Rice an "adequate procedure" to test his conviction and sentence. This procedure is clearly available to him, as he already filed Section 2255 motions, and he has sought permission to file a second or successive motion. Consequently, Rice cannot show that Section 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving clause to make [his] claim[s] in a petition for a writ of habeas corpus." McCarthan, 851 F.3d at 1099–1100. Because Rice cannot satisfy the saving clause, his claims are procedurally barred, and the Court cannot reach the merits of his arguments.[2]

For all these reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Rice's Section 2241 Petition.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Rice leave to appeal *in forma pauperis*. Though Rice has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

---

[2] Even if the Court could reach the merits of his arguments, the Supreme Court has held, subsequent to Rice's filing in this case, that its holding in Johnson does not apply to the residual clause of the Sentencing Guidelines. Beckles v. United States, ____ U.S. ____, 137 S. Ct. 886 (Mar. 6, 2017).

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Rice's Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Rice *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 8), **DISMISS** Rice's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** that the Court **DENY** Rice leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address

any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Rice and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of October, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA